**GLOBE OIL COMPANY VIRGIN ISLANDS, INC., Plaintiff**

v.

**LEON HESS, Defendant**

Civil No. 489-1965

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 25, 1965

260

RUSSELL B. JOHNSON, ESQ.,Christiansted, St. Croix, Virgin Islands, (JOHNSON & TEN EYCK), *for plaintiff*

EVERETT BIRCH, ESQ., Charlotte Amalie, Virgin Islands, *for defendant*

MICHAEL, *Municipal Judge*

Oral opinion rendered by the Honorable Cyril Michael in the above-entitled matter at the Municipal Courthouse, Charlotte Amalie, St. Thomas, V.I., on Wednesday, August 25, 1965, as follows:

THE COURT: The Court has before it a complaint in which it is prayed for a temporary restraining order and a preliminary injunction and final injunction.

The Court, when this matter was filed, decided not to issue a temporary restraining order, because at the time the Court was not satisfied that there was sufficient reason for so doing. Therefore, the Court set a day certain for the hearing of this matter. That hearing was set for today and the Court has heard the testimony of the witnesses for the plaintiff, after which there is a motion before it to deny the granting of the preliminary injunction.

It would seem that the Court would have to be satisfied that there is sufficient evidence before it that there was an agreement for the sale of this property to the plaintiff before a preliminary injunction may issue. The testimony the Court has heard from Mr. Caras and Mr. de Chabert, witnesses for plaintiff, is to the effect that there were negotiations for a long time between members of the family (the owners of the property), and the parties who represented Globe. The Court is persuaded by the answers to questions put to Mr. Caras, witness in chief for plaintiff, on cross-examination, and the testimony of Mr. de Chabert.

I am not satisfied in my own mind, after hearing said answers and testimony, that there was any contract, for the reason that the requirements necessary to form a contract, even though oral, were not met in this particular agreement, as plaintiff claims they were. As we know, to have a contract there are certain specific things which should be included, and that these, according to the testimony of Mr. Caras on cross-examination, were not in the contract.

According to the complaint here, it states in paragraph four, that "On or about the 23rd day of July, 1965, in the Virgin Islands, the defendant with full knowledge of the said agreement, did wrongfully, knowingly, intentionally and maliciously persuade, procure and induce the said

Ansetta de Chabert to repudiate, cancel, and breach the said agreement and induced her to enter into an option contract with defendant for the purchase of approximately 400 acres of land, including Estates Hope and Blessing, Saint Croix."

■ The plaintiff called the defendant, Mr. Hess, to the stand as his witness, and the testimony before the Court concerning this particular paragraph was not made out. That being the situation, it seems to me that the burden that should have been carried by the plaintiff in order to prove that the defendant did act wrongfully has not been shown.

Apart from that, however, the Court may consider the fact whether or not the statute of frauds relating to this oral contract, or alleged contract, where the Virgin Islands are concerned, is just a rule of evidence or substantive law. In many jurisdictions there is no doubt—and I believe the majority of jurisdictions so hold—that the statute of frauds is just a rule of evidence.

The Virgin Islands Reports has about three cases interpreting this particular section of our statute of frauds. We have the case of Lenkowsky v. Solomon, 2 V.I. 126, 132, in which the Court said, among other things, that "in addition to the above finding which the Court has made, it is the opinion of the Court that even if the defendant Solomon's contention had been made out that there was a verbal agreement between the incorporators whereby they were to purchase, or the corporation was to purchase, this property, that such an agreement would be a violation of our Statute of Frauds which provides on page 20, chapter 9, section 2, as follows: —which, of course, was in the old Code and which has been incorporated in the new—"Every contract for the leasing for a longer period than one year from the making thereof, or . . . for the sale of any lands, or any interest in lands, shall be void unless the contract or some

note or memorandum be in writing and signed by the party to be charged."

█ Then we have the case of Ackerman v. Heirs of La Fontaine, 3 V.I. 89, 97. Among other things, the Court said: "However, even supposing that plaintiff's testimony that Caridad La Fontaine gave her the property in gratefulness for plaintiff's kindness to her were true, such an oral gift of real property is void under the Statute of Frauds which requires that any interest in land other than a lease for a term not exceeding one year shall be created only by deed of conveyance in writing and subscribed to by the party creating or granting same."

██ Then there is another case involving Callwood v. Virgin Islands National Bank, 3 V.I. 540, 221 F.2d 770. This is a case which came up before the Third Circuit, Maris, Circuit Judge. He says that "As we have already pointed out in connection with the assignment of January 31, 1947, to Callwood the validity of an assignment of future rents, being an assignment of an interest in land, is to be determined by the law of the situs of the land, in this case the Virgin Islands. The applicable law in this regard is the statute of frauds which is in force in the Virgin Islands. That statute provides that no interest in land, other than a lease for a term not exceeding one year, may be assigned or transferred except by a deed of conveyance or other instrument in writing. It follows that the verbal assignment relied upon by Mrs. Callwood to support her claim to the proceeds on deposit in the Virgin Islands Bank of certain of the rents received after the assignment was *invalid.*" (Emphasis added.) "The district court, therefore, properly rejected her claim based upon that assignment."

█ Now, those are three cases in which the higher Court of the Virgin Islands has declared, to this Court's mind,

264

that the statute of frauds is not a rule of evidence but substantive law.

■ In the argument made by the plaintiff before we heard any testimony, he stated that Section 766 of the American Law Institute Restatement on Torts, page 49, provides that "Except as stated in Section 698, one who without the privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby." On that ground the plaintiff feels that from his point of view the defendant did induce the seller or the owner of this land not to deal with the Globe Company.

It is interesting to note that under that same section, page 54, it also speaks about voidable contracts and illegal bargains. It says, "The word 'contract' connotes a promise which creates a duty recognized by law. A promise may be a contract though it is voidable. Illegal bargains which are not effective to create a duty are not contracts. A contract unenforceable because of non-compliance with the statute of frauds falls within Clause (a) rather than Clause (b) of the rules stated in this Section."

As I have already indicated, under our law the statute of frauds is a matter of substantive law, hence this latter comment would not govern.

Now, it says here also under Section 766, page 59, as follows:

"Making agreement with knowledge of the breach. One does not induce another to commit a breach of contract with a third person under the rule stated in this section when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person. For instance, B is under contract to sell certain goods to C. He offers to sell them to A, who knows of the contract. A accepts the offer and receives the

goods. A has not induced the breach and is not subject to liability under the rule stated in this section." It goes on to say this: "In some cases, however, B may be enjoined at the suit of C from performing for A, or B may be compelled specifically to perform the contract with C" which, as I indicated this morning, may take place even though the person may not have a legal contract. "In some cases, too, as in the case of a contract for the sale of land, the purchaser acquires an equitable interest which is good against subsequent transferees of the vendor who are not bona fide purchasers. The rules relating to the protection of such an interest against subsequent transferees are not within the scope of the Restatement of this Subject."

So it seems to the Court that when they speak about a breach of a contract covered by the statute of frauds in reference to the subject of "Inducing Refusal to Deal", it does not include interest in land under this particular section.

■ Now, on page 78, Section 768, there is the following comment:

"Inducing breach of contract. The privilege of a competitor stated in subsection (1) does not include inducement of breach of contract." For example, "When B is *legally free* (emphasis added) to deal with C or with A, the privilege of competition implies a privilege on the part of A to induce B to deal with him rather than with C. But when B is legally obligated to deal with C, A is not privileged, by the mere fact of competition, to induce B to commit a breach of his legal duty."

That being the situation and the parties being competitors in the establishment of an oil refinery, it seems to this Court from the evidence there is not sufficient for the Court to find that there was an oral agreement. And even if there were such an agreement, it would be a nullity under the statute of frauds in the Virgin Islands.

As a consequence, it is the opinion of this Court that the defendant was free to deal with the owner of this property, and hence the motion will be granted.